THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| EMBROIDERY CENTRAL, INC., | ) | |
| | ) | Case No. 1:05CV00021-DS |
| Plaintiff/Counterclaim Defendant, | | |
| vs. | ) | O R D E R ON MOTION FOR LEAVE TO AMEND |
| BALBOA THREADWORKS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on Embroidery Central, Inc.'s motion for leave to amend complaint. The matter is fully briefed and counsel have spoken with the court on this motion during a previous status report and scheduling conference. Accordingly, the court will rule on the motion without the assistance of oral argument.

It is undisputed that Embroidery Central's Motion for Leave to Amend Complaint was filed after the deadline for amending pleadings. See Reply at 6. There is, however, dispute over the standard to be applied as the court evaluates the motion to amend. Embroidery Central would have the court apply the liberal standard of Rule 15(a) Fed. R. Civ.P. which tells the court that "leave shall be freely given when justice so requires." Balboa Threadworks and the individual Caroselli defendants argue, on the other hand, that Rule 16(b)'s more stringent showing of "good cause" applies if a motion to amend a pleading necessitates a modification of a scheduling order.

As cited by the Balboa and Caroselli defendants,

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D.Colo. 2000) citing Dilmar Oil Co. V. Federated Mutual Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (cited in Memorandum in Opposition at 5-6).

While both sides acknowledge that the Tenth Circuit has not specifically adopted the Rule 16(b) standard for motions to amend complaints after pleading-amendment deadlines have passed, the Tenth Circuit has observed that "a district court does not abuse its discretion in denying leave to amend when the plaintiff [does] not comply with the Fed.R.Civ.P. 16(b) scheduling order." Memorandum in Opposition at 6, citing Garcia v. Datillo, No. 96-1135, 1997 U.S.App. LEXIS 18033, *5 (10th Cir./D.Colo., July 18, 1997).

Regardless of the standard adopted by this court and applied to the motion before it, the court is persuaded that an analysis of whether there was undue delay by Embroidery Central in seeking leave to file the amended complaint adding existing parties – the Caroselli's – as defendants to the existing intentional misappropriation of trade secrets claim is helpful. Embroidery Central argues that evidence discovered after the amendment deadline necessitates and justifies the filing of the amended complaint. More specifically, the Balboa parties' litigation history discovered only after the deadline for amending pleadings had passed raised a red flag for Embroidery Central and created in plaintiff's mind a reasonable basis for concluding that the Carolselli's acts in the misappropriation

of Embroidery Central's trade secrets were planned and calculated for the benefit of the Caroselli's as well as their company.

However, the court has the benefit of having reviewed, in camera, the documents relating to the "extraordinary legal expenses incurred by Balboa Threadworks the year before the dispute arose between these parties." Reply at 7. After its review, the court concluded that there was nothing extraordinary about the legal expenses and did not allow Embroidery Central access to the information. Furthermore, the court has received no explanation as to why the information relating to the Balboa parties litigation history was not discovered prior to the expiration of the scheduling deadline. While Embroidery Central provided a timeline of its activities, there was no explanation offered as to why these activities were not conducted/completed during the time allowed by the scheduling order. Even Embroidery Central argues in its reply that "a motion for leave to amend is appropriately denied 'when the party filing the motion has no adequate explanation for the delay . . . .'"

Accordingly, the court determines that Embroidery Central has not carried its burden of demonstrating to the court that there was not undue delay in seeking leave to file the amended complaint and the motion to amend is denied.

SO ORDERED.

DATED this 17th day of January, 2007.

BY THE COURT:

*[signature]*

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT